UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS' LOCAL NO.25
PENSION FUND, et al.,

   Plaintiffs,

v.

CMF STEEL ERECTORS, INC., et al.,

   Defendants.

              /

Case No. 05-74001

Honorable Nancy G. Edmunds

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14]**

This matter comes before the Court upon Plaintiffs' Motion for Summary Judgment. Plaintiffs' motion names two defendants, CMF Steel Erectors, Inc. ("CMF") and Stephen L. Collins, individually (collectively, "Defendants").[1] Plaintiffs, including Iron Workers' Local No. 25 Pension Fund (hereinafter "Plaintiffs"), seek the payment of allegedly deficient fringe benefit contributions and liquidated damages.

For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for summary judgment.

**I. BACKGROUND**

Plaintiffs in this action are multi-employer fringe benefits funds who collect payments from employers and manage employee benefits accounts. On December 24, 2003, Collins,

---

[1] Plaintiffs' complaint was also brought against a third defendant, Robert D. McCowen, but Plaintiffs' counsel stated at oral argument that he would dismiss all claims against this party.

1

the sole shareholder and officer of Defendant CMF Steel Erectors, Inc. ("CMF"), entered into an agreement with Plaintiffs governing the relationship between CMF and its employees.

Plaintiffs allege that Defendants owe delinquent fringe benefit contributions in the amount of $188,155.27 and liquidated damages of $6,449.37 for the time period of August 2005 through February 2006. An audit of the time period January 2003 through May 2005, performed by Plaintiffs, disclosed an additional balance of unpaid contributions in the amount of $51,192.35 and liquidated damages of $3,543.54.

Defendants do not refute the applicability of summary judgment to this case with respect to the amount of unpaid benefits and associated liquidated damages. Defendant Collins does, however, dispute his own personal liability.

## II. STANDARD OF REVIEW - MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue

for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

## III. ANALYSIS

### A. Defendant CMF's Liability

Plaintiffs allege that they are entitled to unpaid benefits and liquidated damages pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2).[2] Plaintiffs' Motion for Summary Judgment should be granted as to the amounts uncontested by Defendants, which includes $188,155.27 for delinquent contributions and $6,449.37 in liquidated damages for the time period of August 2005 through February 2006,

---

[2]"In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [an employer's obligation to make benefit contributions under] section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--

(A) the unpaid contributions, [and]

\* \* \*

(C) an amount equal to the greater of--
    (i) interest on the unpaid contributions, or
    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A)"

3

as well as $51,192.35 for unpaid fringe benefit contributions and $3,543.54 in liquidated damages for the time period of January 2003 through May 2005 as a result of Plaintiffs' audit.

As summary judgment is appropriate in this case, the total judgment owed by Defendant CMF is $249,340.53.

**B. Individual Liability of Defendant Collins For Breach of Fiduciary Duty**

Plaintiffs also seek a judgment against Defendant Collins individually due to his status as a fiduciary under 29 U.S.C. § 1109(a), which imposes personal liability on individuals who breach a fiduciary duty to a plan that is entitled to ERISA benefit payments.[3] "[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . ." 29 U.S.C. § 1009(21)(A)(i). Numerous cases from this Court and other federal districts confirm that an individual defendant violates this section by paying other creditors instead of making benefit fund payments because benefit payments become fund property once they are due and owing. *See Trustees of the Michigan Regional Counsel of Carpenters Employee Benefits Fund, et al. v. Accura Concrete Walls, Inc.*, 408 F. Supp. 2d 370 (E.D. Mich. 2005); *Operating Engineers' Local 324 Fringe Benefit Funds v. Nicolas Equipment, LLC.*, 353

---

[3] "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."

4

F.Supp.2d 851 (E.D. Mich. 2004); and *Iron Workers' Local No. 25 Pension Fund v. McGuire Steel Erection, Inc.*, 352 F. Supp. 2d 794 (E.D. Mich. 2004).

Plaintiffs have presented sufficient evidence that Defendant Collins exercised discretion and control over the monies owed to Plaintiffs and thus have established that this defendant, individually, breached a fiduciary duty and can be held personally liable. Although this case is different from *Local 324*, in that the individual defendant there was deemed to admit a number of factual assertions pursuant to Rule 36 of the Federal Rules of Civil Procedure, Collins' deposition testimony establishes that he had sufficient control over CMF's finances to qualify as a fiduciary.  Specifically, Defendant Collins responded, "Basically I do, yes." to Plaintiffs' counsel's question of "who makes the decisions on what bills are going to be paid when money does come in for CMF."  (Collins 1/26/06 Dep., Ex. G to Pls.' Mot. at 14.)  The surrounding context confirms that Collins was answering questions about his level of control, and pursuant to the language of 29 U.S.C. § 1009(21)(A)(i), Defendant Collins was therefore a fiduciary of Plaintiffs' funds.

Because Defendant Collins was a fiduciary, this Court grants summary judgment on the issue of Collins' liability for breach of fiduciary duties.  This Court will not, however, grant summary judgment on the issue of the amount of damages Collins is liable for as a result of his breach, as Plaintiffs have not proven that there is no dispute of material fact on this issue.

**C.  Defendants Are Not Entitled to a Stay of These Proceedings**

As a final argument, Defendants propose that this Court stay the instant proceedings for two reasons: (1) Defendants have assigned up to $215,000 in proceeds from an

accounts receivable that is owed to Plaintiffs[4] which will satisfy most of the unpaid benefit amounts once received, and (2) Defendants' lawsuit against Holton's estate is scheduled to begin in late January 2007. Aside from the fact that Defendants cite no authority for this proposition, this Court sees no logical reason why this case should be stayed for either these factors. First, the accounts receivable relates to a job that CMF completed well over a year ago. In fact, it has been nearly a year since CMF assigned the receivable over to Plaintiffs, and Defendants are unable to state when this money is expected to be collected except to note that "payment has not been made because Wal-Mart Corporation is holding up payment." (Defs.' Resp. at 7.) Secondly, the fact that Defendants may recover some funds in the lawsuit against Holton's estate which could then be used to satisfy the amounts owing to Plaintiffs do not warrant a stay of the instant proceedings. If, and when, amounts are recovered from Holton, they can be used to satisfy the judgment amount here, but this Court sees no reason to withhold a determination on Defendants' motion for summary judgment on such an if-come proposition. Therefore, this Court declines to accept Defendants' proposal to stay the instant proceedings.

**IV. CONCLUSION**

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders as follows: Plaintiffs' motion for summary judgment is GRANTED IN PART and DENIED IN PART. Plaintiffs' motion is granted with regards to liability and damages against Defendant CMF and liability of Defendant

---

[4] This is the remaining amount owing from jobs that CMF worked on for one of its general contractors, JM Olson, involving construction of two Sam's Club stores during the summer of 2005.

Collins.  Plaintiffs' motion is denied as to the amount of damages against Defendant Collins.

    SO ORDERED.


                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: November 20, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 20, 2006, by electronic and/or ordinary mail.

                s/Carol A. Hemeyer
                Case Manager